**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BARSTOOL SPORTS, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  1:21-cv-06623<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Elliot McGucken ("McGucken") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    McGucken is an individual residing in Los Angeles County.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, BARSTOOL SPORTS, INC ("BARSTOOL"), is a New York corporation and is doing business in and with the State of New York with a business address at 15 W. 27th St., New York, NY 10001.

6.    Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer,

director, manager, principal, alter-ego, and/or employee of the remaining
Defendants and was at all times acting within the scope of such agency,
affiliation, alter-ego relationship and/or employment; and actively participated
in or subsequently ratified and adopted, or both, each and all of the acts or
conduct alleged, with full knowledge of all the facts and circumstances,
including, but not limited to, full knowledge of each and every violation of
Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPHS

8.      McGucken created and owns the original photograph ("Subject
Photograph") that was published lawfully before the infringement at issue.

9.      Plaintiff has registered the Subject Photograph and has complied
with all necessary formalities.

10.     The Subject Photograph was registered with the United States
Copyright Office.

11.     Plaintiff's investigation revealed that BARSTOOL published and
hosted posts on its website(s) and networks that incorporated unauthorized
copies of the Subject Photograph (the "Subject Posts") and hosted
unauthorized copies of the Subject Photograph on its servers.

12.     True and correct representations of the Subject Photograph and
the corresponding unauthorized uses of said photograph from the Subject
Posts, are attached hereto as **Exhibit A**. These examples reflect a website at
which BARSTOOL published and displayed the Subject Photograph without
authorization.

13.     Plaintiff is informed and believes and thereon alleges that
Defendants, and each of them, posted, hosted, displayed and distributed the
Subject Photograph without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's website, (b) viewing Subject Photograph online, and (c) viewing Subject Photograph through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

16.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph and exploited said photography online.

17.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and by publishing and displaying the infringing material to the public, including without limitation, through its websites or elsewhere.

18.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

19.   Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs in an amount to be established at trial.

21.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement  and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that BARSTOOL knew, or should have known, were not authorized to be published by BARSTOOL.

24.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posts that incorporated the unauthorized copies of the Subject Photograph, and were able to supervise the publication of said posts.

25.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

27.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

   a.   That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

   b.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C., and other applicable law.

   c.   That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

   d.   That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

   e.   That Plaintiff be awarded their costs and fees under the above statutes;

   f.   That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 5, 2021      By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590 – 1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff

## EXHIBIT A

| SUBJECT PHOTOGRAPH | OFFENDING WORK |
|---|---|
|  | |